CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 09 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD WILLIAM KING, | ) | |
| Plaintiff, | ) | Civil Action No. 7:13cv00434 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R.W. WHITT, *et al.*, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This is an action by Bernard William King, a Virginia inmate proceeding *pro se*, under 42 U.S.C. § 1983 against four Keen Mountain Correctional Center ("KMCC") staff members. King, now housed at Wallens Ridge State Prison ("WRSP"), alleges the defendants violated his Eighth Amendment rights by failing to protect him. As relief, he seeks immediate placement in protective custody.* Finding that King's request for injunctive relief at KMCC is moot and that he has not otherwise plausibly stated a deliberate indifference claim, the court will dismiss his case without prejudice under 28 U.S.C. § 1915(e)(2)(B).

I.

King, now at WRSP, was formerly housed in segregation at KMCC. While at KMCC, King claims unnamed staff members released sensitive information about him into the general prison population and that, as a result, KMCC staff and gang members labeled him a "snitch." He claims his life was in danger there and, because of further dissemination of the information, is in danger throughout the entire Virginia Department of Corrections ("VDOC"). King has produced one specific example: three KMCC correctional officers allegedly said they did or would do something to King's food "every time" they passed out his food trays. King does not make any specific, factual allegations about threatened harm outside KMCC and does not allege he exhausted his administrative remedies. He claims the defendants should have placed him in

---

* By previous order, the court granted King's request to voluntarily dismiss his request for damages.

protective custody at KMCC and that he needs protective custody throughout VDOC, including now at WRSP.

Upon reviewing King's request for injunctive relief, the court directed the defendants to respond. In response, they deny King's allegations and argue he did not exhaust his available administrative remedies or provide any details or specifics to warrant an assignment to protective custody. They assert that, in any event, King's segregation status at KMCC was "more secure than protective custody."

## II.

Under 28 U.S.C. § 1915(e) governing proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive review, the claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs must offer enough facts "to nudge[ ] their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679. While courts should construe a *pro se* complaint liberally and hold it "to less stringent standards than formal pleadings," the complainant "must plead factual matter that permits the court to infer more than the mere

2

possibility of misconduct." Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (internal quotation marks and citations omitted).

Under the Eighth Amendment of the United States Constitution, prison officials have a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. To make a claim under the Eighth Amendment based upon prison conditions, the plaintiff must establish objectively that he is at risk of serious harm, and subjectively that the defendant acted deliberately indifferent to that risk. Id. at 834. Deliberate indifference, the gravamen of such a claim, requires the official to know of and disregard an excessive risk to inmate health or safety. See id. at 837.

King's request for injunctive relief at KMCC is moot because he is no longer housed there. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). As to King's claims of potential harm at WRSP and all other VDOC facilities, he has made only general allegations. The WRSP officers have the same Eighth Amendment obligation to protect King from harm as all other prison officials. In the absence of specific plausible facts, the court will not presume those officers are disregarding their duty and concludes King has not pled facts showing he is entitled to relief.

3

III.

For the foregoing reasons, the court will dismiss King's case without prejudice under 28 U.S.C. § 1915(e)(2)(B).

ENTER: This 6th day of December, 2013.

_____
United States District Judge